ORIGINAL
FILED

OCT 0 1 2007

1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MEDINA-RAMIREZ, | ) |
| Petitioner, | ) Cr. No.  06-0309GT |
| | ) Cv. No.  07-1652GT |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

On August 20, 2007, Petitioner, Luis Medina-Ramirez ("Mr. Medina"), filed a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255.  Mr. Medina requests a two level downward departure based on his status as a deportable alien, which Mr. Medina asserts "should have been considered as a mitigating factor" at his sentencing.  The Court has fully considered this matter, including a review of Mr. Medina's brief filed, the authorities cited therein and the arguments presented.  For the reasons stated below, Mr. Medina's Motion to Modify Sentence is **DENIED**.

//

1    First, Mr. Medina pled guilty, pursuant to a written plea agreement, to two counts of illegal

2    entry by an alien, in violation of 8 U.S.C. § 1325.  In the written plea agreement, Mr. Medina

3    explicitly waived his right to appeal and/or collaterally attack his conviction or sentence.  The

4    Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable.  *See,*

5    United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997).

6    Since Mr. Medina expressly waived his statutory right to appeal or collaterally attack his sentence

7    in his plea agreement, Mr. Medina is now precluded from challenging that sentence pursuant to 28

8    U.S.C. § 2255.  *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993)  (holding that

9    a knowing and voluntary waiver of a statutory right is enforceable).

10    Moreover, even if Mr. Medina had not expressly waived his right to appeal or collaterally

11    attack his sentence, his petition would still fail.  In essence, Mr. Medina argues that because of

12    his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security

13    confinement."  Mr. Medina argues that the Court should grant him a two level downward

14    departure because of his status.  However, Mr. Medina's argument that the Court should depart

15    downward because he is a deportable alien is precluded by statute and current Ninth Circuit

16    case law.  By statute, the Court may depart downward only if there are "aggravating or

17    mitigating circumstances . . . not adequately taken into consideration by the Sentencing

18    Commission." 18 U.S.C. § 3553(b).     Specifically, the Ninth Circuit has held that the threat of

19    deportation is <u>not</u> a factor that the district court may consider for sentencing purposes.  United

20    States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1]  Accordingly,

21    //

22    //

23    //

24    //

25

26    [1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not
27    entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a
     deportable alien he is not eligible to spend the last six months of his sentence in a half way
28    house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th
     Cir. 1996).

06cr0309

1    **IT IS ORDERED** that Mr. Medina's Motion to Modify Sentence is **DENIED.**

2    **IT IS SO ORDERED.**

3

4

5    _October 1, 2007_
     date

6    GORDON THOMPSON, JR.
     United States District Judge

7    cc:  AUSA Bruce Castetter          Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cr0309